DECISION OF DISMISSAL
On June 7, 2010, Plaintiffs filed a Complaint with this court concerning their 2009 Oregon personal income taxes. The Complaint asserts that a two-thirds of the 2009 income was attributable to Plaintiff Joan Gomes (Joan), and requested a "return" of two-thirds of the 2009 tax.
Defendant filed an Answer indicating that the refund Plaintiffs reported due on their 2009 return was applied to two separate liabilities: 1) Plaintiffs' 2007 outstanding tax liability; and 2) Plaintiff Fred Gomes's (Fred) officer liability for tax year 2003 for a corporation (an auto dealership) in which he had invested which had failed to remit employee payroll taxes for tax year 2003. In March 2005, Fred was found to be a responsible officer with regard to those unpaid employee withholding taxes. Fred did not appeal Defendant's liability determination.
The court held a telephonic hearing July 28, 2010. Plaintiffs appeared on their own behalf and Defendant was represented by Faith Derickson (Derickson), an auditor with the Department of Revenue (Department). During that conference, Derickson explained that the portion of the 2009 refund applied to Plaintiffs' 2007 personal income tax liability ($381.51) paid that liability in full and that no further amounts were owing. Plaintiffs indicated that, now *Page 2 
that they understood the matter more fully, they were no longer concerned with the amount applied to their 2007 personal income tax liability. Any issue related to that matter is therefore moot.
Derickson further explained that the balance of Plaintiffs' 2009 refund, $77.49, was applied to Fred's 2003 corporate officer liability and that the balance owing as of that date (July 28, 2010) was $78,755.18. Fred acknowledged that he was one of three responsible corporate officers and that he was concerned with whether Defendant was pursuing the other two corporate officers, one of whom he believes lives in Washington and the other in Canada. Derickson was not at liberty to comment on that matter and the court explained that the liability is "joint and several," meaning that each individual is responsible for the entire liability. Furthermore, Derickson did explain that under ORS 314.415(7), [1] Joan was entitled to an apportionment of the $77.49 that was used to pay Fred's corporate liability and that she could pursue that matter administratively with the Department.See also OAR 150-314.415(7) (generally reiterating the Department's statutory authority to issue separate refunds, as well as defining certain principles and procedures). Of particular significance is the fact, stressed by Derickson during the July 28 proceeding, that Joan would have to pursue apportionment each year by submitting a written request; otherwise the Department will continue to apply whatever refund Plaintiffs are due to Fred's corporate liability until the outstanding balance is paid, which will likely take many years.
Having said that, the bottom line is that there are no issues for the court to resolve and the appeal can therefore be dismissed. Plaintiffs are satisfied with the application of the majority of their 2009 refund to pay off their 2007 personal income tax liability, and any apportionment of the remaining amount applied to Fred's 2003 corporate liability can be handled administratively *Page 3 
by the Department without the involvement of the court. In fact, there is a question as to whether the court has any jurisdiction over such matters, given that the statute and rule appear to be discretionary in terms of the apportionment process, as evidenced by the use of the word "may" both of the statute and regulation. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ___ day of August 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon August 19, 2010. The Court filed and entered this documenton August 19, 2010.
[1] References to the Oregon Revised Statutes (ORS) and Oregon Administrative Rules (OAR) are to 2009.